Case number 19-7108, et al. John N. Xereas, appellant v. Marjorie A. Heiss, et al. Mr. Aholt for the appellants, Mr. O'Neill for the appellees. Good morning. May it please the court, I'm Aholt on behalf of the appellant John Xereas. Your Honor, this is going to be quite a switch from the prior cases. This case is about a partnership, it's about a partnership that developed back in 2010 and eventually resulted in the formation of an LLC. And the duties that flow from that partnership and the formation of the LLC, which include the duty of loyalty, the duty to account, the duty not to engage in self-dealing. Plaintiff alleged all of those things in his complaint, in his second amended complaint. And he alleged that there were breaches of all of those duties and did so very specifically in numerous counts, numerous paragraphs. The trial court disagreed. The trial court essentially sought to limit greatly those claims, both at the summary judgment, motion to dismiss stage, and at trial. In doing so, however, the trial court committed numerous errors. The first error that the trial court committed was in the dismissal of the breach of fiduciary duty count. Can I ask you a question about that? Certainly. When, what time period does your complaint allege that those breaches of fiduciary duty occurred? Throughout the entirety of the partnership. So that would be from 2010 all the way up through. What specific act happened before January 1 of 2012 that was a breach of fiduciary duty as alleged in the complaint? Before January of 2012? Yes. Okay, so at that time, there was, they had already fired, I believe, some of my client's associates that he had appointed in management positions at the club. And as a result of that, there was certainly a breach in that they had not consulted him in doing those things. The duty of loyalty requires the member managers of the LLC to consult the other members when they are, in fact, conducting business. They didn't do that. And as a result of that, the duty was breached at that point. But the duties go well beyond that and well beyond that time frame, including the removal of my client as a member manager shortly after that. And then the subsequent duties that were breached in terms of the self-dealing that occurred, once they did remove him as a member manager, there's clear evidence of self-dealing. The plaintiff's expert testified as to that self-dealing to the tune of nearly, or I think just in excess of $1.5 million. The district court found that there was no, I think it was put, special relationship. Correct. That would rise to the level of creating fiduciary duties. What's your response to that? I guess the statute would seem to incorporate some, but the statute's only effective from January 1, 2012 on, right? Well, I think the statute's effective upon the formation of the partnership, or the LLC, excuse me. The statute only went into effect in January of... So your argument is that even if the statute didn't come into being as an effective law until January of 2012, it applies, it sets forth what the standard of conduct is for actions prior to that? Absolutely. Prior to its effective date? Yes, I believe it's a full statement of the common law duties as well. I believe there may be duties in addition to those stated by the statute, and I think the statute contemplates that. So those duties were owed at the formation of the LLC, really at the formation of the partnership, like I said earlier. Once these parties agreed to be partners in business, they're sharing confidential information. They are giving each other access to bank accounts to make decisions on behalf of one another that affect the business in its entirety. They owe special duty of loyalty. Mr. Engel, this case went through full discovery. I recognize the district court chose to dismiss the fiduciary duty claim on the pleadings, but that had happened after there was full discovery, right? In fact, this motion for summary judgment briefing addressed the fiduciary duty claim as well as other claims. It was, Your Honor. And what you pointed to there was that Heiss was brought into the Riot Act so that Dawson and Heiss together would be able to control the business. Whatever decision of bringing her in, that was before the partnership was formed, right? Well, I believe a common law partnership was formed prior to that between Mr. Dawson and Mr. Zarias, but Heiss was then brought into that partnership. I don't recall anything in the case about that. Yeah, well, I mean, you know, there may not be a specific allegation of a partnership at that point. What I'm trying to get at is what you pointed to in summary judgment briefing in the district court. You also referred to Heiss's deposition where she says she had a romantic relationship with Dawson. She had a financial interest in some of his other businesses, but I'm trying to really pinpoint that that itself is not evidence on which a jury could find a breach of fiduciary duty. No, I don't believe so. Yeah, so I'm trying to identify what is it in the evidence as a matter of summary judgment standard. If the district court had not read this, applied 12b-6 and gotten rid of the claim on that ground, what's the evidence that you're pointing to that you claim shows a breach of fiduciary duty? Yeah, well, there's the things I described earlier. Those are very general. I want you to be concrete. Okay, well, the testimony of James Morrissey, the expert, details it very specifically in terms of the self-dealing claim. There was, I think, in excess of $4.5 million in unaccounted for funds that the expert testified to, and those damaged my client because they were unaccounted for the LLC, his portion of those funds. He was damaged to that extent, and if they are self-dealing in that amount, then that would be sufficient to have that claim go to the jury. When I looked at the summary judgment briefing, the part of the summary judgment briefing defending the fiduciary duty claim did not cite any of those expert exhibits. I believe the expert report was incorporated into the summary judgment. I'm just saying, in looking at what you claimed on the fiduciary duty portion, stock at 152, 27 to 28, defending against dismissal of the fiduciary duty claim, that wasn't what you were relying on. Well, I mean, we are relying on it in our brief now as it was dismissed, which was under a dismissal standard, not under a summary judgment standard. The reason why I also noted for the court, and the court's questions are directed at that, that it wouldn't have even been appropriate under a motion for summary judgment is because of that additional evidence. So we didn't brief that additional evidence because the case was in fact dismissed under a motion to dismiss standard. And when the court looks at it from that aspect, the complaint certainly meets the elements of the cause of action. We weren't asked to argue it as a summary judgment, and the court dismissed it as a 12B6 motion. So therefore, we didn't brief it in that manner either. So before us today, you're saying that the violation of fiduciary duties is evidenced by lack of documentation of expenses? Yes, and the expert's opinion that that is missing funds from the LLC. If they are unable to account for funds and unable to answer questions about where those funds were, which they were unable to do, and the expert found they were unable to do, then that is in itself certainly a breach of fiduciary duty. The fiduciary duty also includes the duty to account. So the lack of information about where those funds went is part of that duty to account. Now, whether or not the jury makes the leap that we asked them to, which is that that means that those funds were self-dealt, that they were either spent on other businesses that were the plaintiffs, or they simply put it into their own pockets, that's for us to persuade the jury of that. But that's not for a decision on a motion for summary judgment or a motion to dismiss, certainly. What do you make of the fact that the district court said that this doesn't create a fiduciary duty, that only the ordinary duties of contracting parties apply? And in fact, I believe that this D.C. Code provision was amended to take out the term fiduciary, that it had been a proposal to have that, and it was not included. So shouldn't we take from that that they don't intend to create a fiduciary duty? Certainly not, Your Honor. I mean, it's a duty of loyalty. Even if they decide to call it something else, it is still a higher duty than normal contracting parties. As I said, the very nature of going into business with someone is a confidential, special relationship. It is not an ordinary contract. All of the cases cited by the appellees here are ordinary contracts. That is not what this is. I mean, we're a federal court, and it's very difficult when we're being asked to interpret D.C. law. But I'm also not aware of any case law that applies 29-804.09 as supporting fiduciary duty between members of an LLC. Again, Your Honor, I didn't cite any case law that would say that exactly either. However, I don't know how else you interpret the statute other than to create a special duty. Whether we call that a fiduciary duty, a duty of loyalty, a duty of additional care, whatever it is. Conflicts of interest? I mean, there's a lot of duties that are lesser than a fiduciary duty. Right, but it's still a special duty. And, you know, if the court views this in that technical of a manner that the label on the count is what is alleged only, then I could see that. However, the statute is specifically cited as a violation of the statute, and the duties encompassed by the statute. So even if the court were to want to call this something else other than a fiduciary duty, there's still an allegation of breach of the statutory duties that is alleged in the complaint, and therefore dismissal is wholly inappropriate and should not have been granted here. And you point out that the district court allowed the defendant's counterclaim for breach of fiduciary duty to go to the jury. Exactly, Your Honor. I mean, you know, it's just there are a number of issues that we raise in the case where the sides were treated completely differently. And I know there's all sorts of reasons for that, and some of which make sense and some of which don't. But I think that's just indicative of the error in this case. If there is a fiduciary duty for one side in a partnership, how is there not a fiduciary duty for the other side in the partnership? Thank you. Oh, I'm sorry. That's fine. Unless one of my colleagues has a question, you're well over time. Okay. Okay, thank you. Thank you. Yeah. May it please the court. William O'Neill for the PennSocial defendants. With respect to the fiduciary duty claims, the court was quite correct to note that the pleading by Mr. Zureis did not contain any allegation of a special confidential relationship that transcends the contract. That is the test applied throughout D.C. in numerous cases that we cited, and he simply failed to plead that. Instead, he relies on the statute. The statute does not create a fiduciary relationship between all members of an LLC. If it made such a radical step, it should have stated that directly. What does it mean when it says that a member of an LLC owes the other members the duties of loyalty and care, and then sets forth what those duties are as far as what the duty of loyalty is and what the duty of care is? Yes, that's true, Your Honor. And those duties are very precisely prescribed in the statute. Certain duties with respect to in the conduct or winding up of the company's activities, use by a member of the company's property, or for the appropriation of a limited liability company opportunity. I mean, aren't those all the same things that you would see if you were to call it a breach of fiduciary duty? I mean, isn't that what a fiduciary duty is, a duty to exercise loyalty and care? I think Mr. Zareas here is attempting to apply a general fiduciary duty. If he had alleged very specific facts fitting within this statute, then whether you call them statutory duties or fiduciary duties, you can call them either one. But if you compare the statute to the pleading on page 170 of the appendix, which is where he pleads his fiduciary duty obligation or his fiduciary duty claim, the allegations in the complaint are far broader than the very prescribed duties announced or detailed in the statute. Well, go back to the statute for just a minute. What about section little I-5, which distinguishes manager-managed LLC from a member-managed one like this one? And it says quite specifically, manager-managed LLCs, in a manager matter, a member shall not have any fiduciary duties to the company. Doesn't that suggest that in a member-managed LLC, there is a fiduciary duty? Why else would that be there? Well, I think what they're saying is there are duties that are described in the statute. There is not a general fiduciary duty created just between the members of a member-managed LLC. But if this provision for manager-managed LLCs expressly says that the member will not have any fiduciary duty to the company, obviously they said that to make sure that it would be treated differently from a member-managed LLC, which does have a fiduciary duty to its members. Well, it has the duties that are described in this statute. And if he had pled facts within the restrictions… That's a different question. That's a different question. We can get on to that about whether he's pleaded enough for this, but it seems to me the statute is pretty clear that members of a member-managed LLC owe a fiduciary duty to the other members. And I would just add to that before you respond, Mr. Neal, that duties of care and loyalty, those are very familiar terms of art that denote fiduciary duties. I don't disagree that the duties outlined in the statute are, in fact, fiduciary duties. But the statute does not create a general fiduciary duty between the managing members of the LLC. It creates very specific duties of loyalty and care. Let's assume we disagree with you about that. Count 21 of the complaint. Breach of fiduciary duty of loyalty and care. There's your allegation right there. But then the specifics that they're talking about aren't the specifics that are covered by this statute. In B-1, the duty of loyalty only applies to accounting to the company for property profit in the conduct or winding up of the company's activities, use of the company's property, appropriation of a limited liability company opportunity. The allegations in Count 21 of the complaint go far beyond anything like that. They include things like that, don't they? I'm sorry? Don't they include things like that? I don't believe they do because there was no winding up of the company's activities. So paragraph 368 that says that defendants breach their duty to provide an accounting to plaintiff and to give him access to corporate records. You're saying that that's not encompassed within the statute? No, because the question was whether the accounting has to be within one of those three subsets. And the allegations in the complaint didn't fall within those three subsets. So B-1 that says that the duty of loyalty includes a duty to account to the company and to hold as trustee for any property, profit, or benefit derived by the member, that's not encompassed here. But that's further restricted then in subsets A, B, and C about the conduct or winding up of the company's activities, the use by the member of the company's property, and the appropriation of opportunity. And those were not the allegations that were stated in Count 21 of the complaint. Clearly, the standard in the District of Columbia still requires a search into a contractual relationship being transcended and a special confidential relationship being created. And the statute doesn't do anything to abrogate that substantial line of cases that are still holding that test applicable today. If they were meaning to eliminate that test from the law, they should have done that specifically. Instead, they specifically stated there are certain duties of loyalty and care, but the pleadings here go far beyond what was contained in the statute. What did the district court mean when it said that there was no special relationship here that rose to the level of creating a fiduciary duty? Yes, that's correct. In fact, the three members of the LLC each had different areas of expertise, and they came together to create a single venture. But they weren't creating a fiduciary relationship amongst themselves in creating that LLC. You still have to have something that goes beyond the contract, some sort of confidential relationship between the parties. And that simply wasn't present here. It wasn't pled. And the district court was quite correct to note that the failure to plead a general fiduciary duty was fatal to a claim that's labeled breach of fiduciary duties. So how do you plead? What do you say to properly plead it? A violation of the statute? For a general fiduciary duty, you have to plead some sort of special relationship where one person is putting their trust in the other. An attorney-client relationship is a common example. But the trust trustee is another example. But the default is that members of an LLC are not fiduciaries to each other. And there's nothing in the statute, I believe, that supports the test employed by District of Columbia Courts. Now, this is also a part of the Uniform Limited Liability Corporation Act that's enacted across the country. And Mr. Zarias doesn't cite any cases anywhere in the country, much less D.C., that this statute has supplanted the test for when a fiduciary relationship is created. So I think the district court was quite correct in stating that his pleadings fell far short of establishing a general fiduciary relationship, which is what he was relying on in his count 21. If neither of my colleagues have any questions, you've just used up your time. Thank you. Thank you very much, Your Honor. I think, counsel, I think you used up your time, but you can take one minute. I did, Your Honor, but thank you. So I just wanted to go back to one point that was made in the interpretation of 29804.09. And that is that Section B states that the duty of loyalty of a member in a member-managed limited liability company, which we have here, shall include the duties and then list the duties. Okay, so this is not a limiting statute. It is a clarifying statute, noting that further duties could be owed. These are just what we know are included. So it's a very broad duty that is owed between these members, member managers. It's a duty that was clearly breached. The breach was properly alleged numerous times throughout the complaint, including the predicate facts that aren't directly in count number 21. There are numerous references to all the different breaches of the duty of loyalty and the fiduciary duty. It was clear error for the district court to dismiss count 21. And we believe that there were other clear errors in the case that this court can overturn the decision on. And we respectfully request that this court reverse and remand for a new trial. Thank you both. The case is submitted.
judges: Tatel, Pillard, Wilkins